IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

THOMAS NICHOLS and §
CAROLYN NICHOLS, §
    Plaintiffs, §
§
V. § CIVIL ACTION NO. H-04-2242
§
ALLSTATE TEXAS LLOYD'S, §
ALLSTATE INSURANCE COMPANY and §
JOHN ALBRITTON, §
    Defendants. §

## <u>MEMORANDUM AND ORDER</u>

Before the Magistrate Judge upon referral from the District Judge is Defendants' Opposed

Motion to Exclude Expert Testimony of Geoffrey Clark and Peter DeLaMora (Document No. 16).

In that motion, Defendants seek to exclude the testimony of Geoffrey Clark and Peter DeLaMora

(collectively "PE Services") as expert witnesses on the basis that their opinions, and anticipated

trial testimony, are not reliable within the meaning of *Daubert v. Merrell Dow Pharmaceuticals,*

*Inc.*, 509 U.S. 579 (1993).  Additionally, Defendants seek to exclude Geoffrey Clark's testimony

to the extent that he is not qualified to render an expert opinion relating to mold causation issues

dealing with construction and/or engineering aspects.  Finally, Defendants seek to exclude the

testimony of Peter DeLaMora on the basis of a violation of FED. R. CIV. P. 26(a)(2)(B), which

provides for disclosure of expert testimony, including a report prepared by and signed by that

expert.

Defendants rely on FED. R. EVID. 702 and the interpretation of that rule to support their Motion to Exclude Mr. Clark and Peter DeLaMora as expert witnesses in this case. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

In *Daubert*, 509 U.S. 579 (1993), the United States Supreme Court held that "scientific" expert testimony must be both reliable and relevant to be admissible. In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court extended the reliability and relevancy requirements to all expert witness testimony, regardless of whether the expert possesses "scientific, technical, or other specialized knowledge". Although relevancy issues are generally straightforward, reliability issues are not.[1] At its most basic, *Daubert's* reliability requirement forecloses the admission of expert witness testimony when it is not "supported by appropriate validation." *Daubert*, 509 U.S. at 590. In other words, the expert's opinion must be grounded in more than "unsupported speculation or subjective belief." *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999). *Kumho* expounds on the requirements of *Daubert* in cases

---

[1] When scientific expert testimony is at issue, four nonexclusive factors are especially relevant to the reliability requirement: 1) whether the theory or technique upon which the expert witness' opinion is based has been tested; 2) whether the theory or technique has been subjected to peer review and publication; 3) whether the theory or technique has a known or potential rate of error; and 4) whether the theory or technique has achieved "general acceptance" in the relevant scientific community. *Daubert*, 509 at 593-595. When technical or other specialized knowledge forms the basis of an expert witness' opinion, the foregoing factors may or may not have any applicability, and the district court will have to determine, on a case by case basis, how to test the reliability of the expert's opinions. *Kumho*, 526 U.S. at 150-52.

involving nonscientific testimony, noting that the reliability inquiry often focuses on personal knowledge or experience.[2] *Kuhmo*, 526 U.S. at 150. A court should consider the "nature of the issue, the expert's particular expertise, and the subject of his testimony" before applying the *Daubert* factors. *Id.*

## Discussion

### A. Violation of FED. R. CIV. P. 26(a)(2)(B)

Defendants contend that Peter DeLaMora's failure to sign the expert report prepared by his company, PE Services, precludes him from offering expert testimony on the opinions contained therein. While it is true that the report violates FED. R. CIV. P. 26(a)(2)(B) because it lacks the signature of Mr. DeLaMora, a court has discretion to allow the evidence if a violation of Rule 26 is harmless. *See Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (evaluating four factors to determine whether the violation is harmless). Four factors are considered in determining whether the violation is harmless. First, a court should evaluate the importance of the evidence. *Id.* Second, any prejudice to the opposing party of including the evidence is determined. *Id.* Third, a court should evaluate the possibility of curing such prejudice, if any. *Id.* Finally, any explanation for the party's failure to fully comply with the rule is evaluated. *Id.*

---

[2] *Daubert*'s gatekeeping requirement does not mandate segregating experts in order to ask a set of predetermined questions to each group. *Kumho*, 526 U.S. at 151. Instead, its purpose is to ensure both reliability and relevance of expert testimony. *Id.* at 152. An expert should display an equivalent level of "intellectual rigor" both in the courtroom and in the relevant field, whether testimony is based on scientific studies or personal experience. *Id.*

Here, the four factors to be considered weigh in favor of a conclusion that the technical violation of Rule 26 is harmless. First, Mr. DeLaMora's testimony providing evidence of mold causation and origin is essential to Plaintiffs' case. Second, Defendants will suffer little, if any, prejudice by allowing the testimony of Mr. DeLaMora. Plaintiffs timely designated Mr. DeLaMora. Further, the report was reviewed and adopted in full by Mr. DeLaMora at the time of his deposition. At the deposition, Defendants had ample opportunity to question Mr. DeLaMora on any opinions contained within the report, and the basis and reasons for such opinions. Finally, Plaintiffs explain that the report lacks Mr. DeLaMora's signature because he was out of town when it was due. Because Defendants will suffer no prejudice by the admission of the expert report, the Court finds the violation of FED. R. CIV. P. 26(a)(2)(B) harmless and not dispositive of the admissibility of testimony by Mr. DeLaMora. However, because FED. R. CIV. P. 26(e)(1) requires a duty to supplement incomplete or incorrect information, Plaintiffs shall, within ten days of this Order, cure the defect and provide Defendants with a signed copy of Mr. DeLaMora's expert report. *See* FED. R. CIV. P. 26(a)(2)(B).

## B. Geoffrey Clark's Qualifications

Defendants argue that Geoffrey Clark is not qualified to give opinion testimony relating to mold causation involving construction defects or engineering issues. Mr. Clark testified in his deposition that he considers himself qualified to evaluate "basic" mold causation issues. He further testified that he lacks training as an engineer or a contractor. To the extent that Mr. Clark might testify to causation matters beyond basic mold causation, plaintiffs have not presented any evidence of Mr. Clark's qualifications to do so. Therefore, the Court finds that Geoffrey Clark

should not be allowed to present expert testimony regarding mold causation as it relates to construction defects or engineering issues.

## C. Reliability of Expert Testimony

Defendants do not challenge the qualifications of Peter DeLaMora, and challenge only the qualifications of Geoffrey Clark as addressed above. However, they assert that the testimony of Peter DeLaMora and Geoffrey Clark is unreliable and therefore inadmissible. The Court finds it necessary to look beyond the traditional *Daubert* factors in this case. Both Mr. DeLaMora and Mr. Clark testified that their opinions were largely based on personal experience and training, so the traditional factors addressing professional studies and scientific knowledge are not necessarily implicated.

Mr. DeLaMora and Mr. Clark, as part of PE Services, were hired by Plaintiffs to perform a cause and origin mold analysis. Michael DeLaMora conducted the on-site investigation, which he documented with photographs and field notes, later incorporated into the final report. Mr. Clark testified that the inspection of the home, number of photographs and mold samples were satisfactory. Peter DeLaMora testified that unless a leak was seen in the roof, there was no reason to photograph or further inspect the roof. Although the homeowners provided an initial statement to Michael DeLaMora, the information obtained and photographs taken during his investigation, along with the two vendor reports provided by Defendants, provided the basis for the opinions made in the report provided by PE Services.

The two reports provided by Defendants reported leaks of the HVAC system, but failed to find any evidence of active water leaks. Although the data provided by Defendants was not

verified by PE Services, this does not render Plaintiffs' experts' opinions inadmissible. Defendants do not challenge the accuracy of the two vendor reports they commissioned, only pointing out in their response to Plaintiffs' reply the existence of two additional reports that were not considered by PE Services. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (noting a court is not required to consider matters raised for the first time in a reply brief). The existence of two additional reports may go to the credibility of Plaintiffs' experts or weight of their testimony, but do not make their opinions inadmissible. *Daubert*, 509 U.S. at 596 (commenting on the use of cross-examination and presentation of contrary evidence as means of attacking shaky yet admissible evidence).

Peter DeLaMora and Mr. Clark relied not only on information found in Defendants' two initial vendor reports, but on the photographs, mold and air samples, and other information collected by Michael DeLaMora during his investigation of the home. Defendants claim that because neither Peter DeLaMora nor Mr. Clark personally inspected Plaintiffs' home, their testimony amounts to speculation. However, Mr. DeLaMora and Mr. Clark are allowed to extrapolate from existing data and make deductions based on their opinions and experience. *See Hartsfield v. Bradford-White Water Heaters, Inc.*, No. 3-03-CV-0114-L, 2004 WL 515612 (N.D. Tex. Feb. 23, 2004) (visual inspection not necessary to make deductions).

Despite Defendants' contention that Mr. DeLaMora and Mr. Clark did not adequately account for the possibility that roof leaks contributed to the mold, this does not make their opinions unreliable. Michael DeLaMora testified that he took steps to eliminate a roof leak during his investigation. Peter DeLaMora testified he always considers alternative sources of water, but

6

that in this case he eliminated alternatives by looking at the type and location of damage to Plaintiffs' home, the structure of the home, and the types of mold found in wall and air samples taken from the home. Again, such assumptions do not affect the admissibility, but rather the weight to be given such testimony.

## Order

Based on the foregoing, it is

ORDERED that Defendants' Opposed Motion to Exclude Expert Testimony of Geoffrey Clark and Peter DeLaMora (Document No. 16) is GRANTED in PART and DENIED in PART.

That part of Defendants' Opposed Motion to Exclude Expert Testimony of Geoffrey Clark is GRANTED, and Mr. Geoffrey Clark is limited to testifying about matters other than mold causation issues dealing with construction defects and/or engineering aspects. That part of Defendants' Opposed Motion to Exclude Expert Testimony of Peter DeLaMora based on a violation of FED. R. CIV. P. 26 is DENIED. However, Plaintiffs are to provide Defendants with Mr. Peter DeLaMora's signed expert report within ten days. Finally, that part of Defendants' Opposed Motion to Exclude Expert Testimony based on reliability is DENIED. The testimony and opinions expressed in the PE Services report, adopted in full by Peter DeLaMora during his deposition, are sufficiently reliable within the meaning of FED. R. EVID. 702 and *Daubert*, and such testimony and/or opinions will be helpful to the trier of fact in this case.

Signed at Houston, Texas, this 29th day of September, 2005.

Frances H. Stacy
United States Magistrate Judge